IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MARK A. SAUNDERS )
 )
　v. ) NO. 3:14-1045
 )
AMERICAN INTERCONTINENTAL )
UNIVERSITY )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered May 16, 2014 (Docket Entry No. 3), this civil action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending is the Plaintiff's motion for summary judgment (Docket Entry No. 13) and the Defendant's motion to dismiss and to compel arbitration (Docket Entry No. 25). For the reasons set out below, the Court recommends that the Plaintiff's motion be denied and the Defendant's motion be granted.

## I. BACKGROUND

During 2013, the Plaintiff was enrolled as a student at the American InterContinental University ("AIU") in the on-line MBA program. He was dismissed from AIU on October 3, 2013,

for the stated reason of failure to maintain satisfactory academic performance after he received a B- in one course and his grade point average fell below a 3.0 grade average. See Attachments to Complaint (Docket Entry No. 1-1), at 2-3. The Plaintiff appealed the dismissal to the AIU appeal board setting out reasons why he believed he should be reinstated, including difficulties he faced because of a seizure disorder, but his appeal was denied on October 11, 2013. Id. at 5-9.

On October 21, 2013, the Plaintiff filed a complaint with the Office for Civil Rights with the U.S. Department of Education ("OCR"), alleging that he suffers from a seizure disorder and that he had been discriminated against because of a disability when: 1) in August-September 2013, AIU denied his request for reasonable modifications to its policy regarding late assignments; and 2) in October 2013, AIU subjected him to differing treatment on the basis of his disability when it denied his request for reinstatement for good cause, in contravention of AIU's usual practice for handling such requests. See Docket Entry No. 1-1, at 10-11. Upon AIU's offer of reinstatement, expungement of the B- grade, and the opportunity to retake the course at no charge, the OCR determined that AIU's offer resolved the allegations at issue and administratively closed the Plaintiff's OCR complaint effective February 13, 2014. Id. at 12-13. However, the Plaintiff rejected AIU's offer, believing that he would suffer retaliation if he were reinstated and resumed classes at AIU. Id. at 14-17. The Plaintiff offered other conditions to AIU for resolution of his OCR complaint but the complaint was not resolved.

On April 23, 2014, the Plaintiff filed this action pro se and in forma pauperis. He brings a claim against AIU under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Rehabilitation Act") alleging discrimination on the basis of disability by an educational institution that receives federal funds. As relief, he requests monetary damages, expungement of his academic record at AIU,

negate any monetary balance owed to AIU, and repayment of a student loan. See Complaint (Docket Entry No. 1), at 4.

Shortly after process was served in the action, the Plaintiff moved for summary judgment contending that the facts as outlined in his Complaint, as well as documentation of a seizure he suffered on August 27, 2013, are sufficient to prove his Rehabilitation Act claim by a preponderance of the evidence and that there is no need for a trial in this action. See Docket Entry No. 13. The Defendant opposes the Plaintiff's motion for summary judgment as being unsupported and insufficient to warrant the grant of summary judgment in his favor. See Docket Entry No. 29.

In lieu of an answer to the Complaint, the Defendant filed a motion to dismiss the action under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The Defendant argues that the Court should dismiss the action with prejudice and compel arbitration because, at the time of the Plaintiff's enrollment, the parties executed an Enrollment Agreement (Docket Entry No. 26-2) that contained an arbitration clause requiring them to submit to binding arbitration any dispute or controversy arising out of or related to the Plaintiff's enrollment at AIU. The Defendant contends that, even though the Plaintiff has brought a claim under Section 504, his claim is subject to the arbitration agreement he signed as a condition of enrollment at AIU. See Memorandum of Law in Support of Motion to Dismiss (Docket Entry No. 26). The Plaintiff opposes the motion to dismiss, contending that the arbitration agreement does not take precedence over his right to due process and to a trial of his claim and that the arbitrator required under the arbitration agreement would likely be biased in favor of the Defendant. Alternatively, the Plaintiff requests that the Court oversee the arbitration process and appoint an independent arbitrator and that, should an agreement not be reached, he be permitted to continue his lawsuit. See Plaintiff's Motion to Deny Motion to Dismiss (Docket Entry No. 31).

## II. STANDARD OF REVIEW

The Plaintiff has filed his motion under Rule 56 of the Federal Rules of Civil Procedure. This motion is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001). The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Defendant's motion was filed as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Although it is unsettled within the Sixth Circuit whether Rule 12(b)(1) or Rule 12(b)(6) is the proper vehicle for a motion to dismiss and/or to compel arbitration, see Security Watch, Inc. v. Sentinel Sys., Inc., 176 F.3d 369, 371 n.2 (6th Cir. 1999); SCSC, LLC v. Cold Stone Creamery Leasing Co., 2012 WL 1424907, *2 (N.D. Ohio Apr. 24, 2012); High v. Capital Senior Living Properties 2-Heatherwood, Inc., 594 F. Supp. 2d 789, 795 (E.D. Mich. 2008); Moore v. Ferrellgas, Inc., 533 F. Supp. 2d 740, 744 (W.D. Mich. 2008), the Sixth Circuit has, nonetheless, clarified that a party seeking to avoid arbitration must show that there is a genuine issue of material fact as to the validity or applicability of the agreement to arbitrate. Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002) (applying summary judgment

standard to petition to compel arbitration).  See also Smith v. Servicemaster, 2009 WL 1457143, *4 (M.D. Tenn. May 22, 2009) (Trauger, J.).

Regardless of the proper vehicle for the Defendant's motion, the Declaration and attached Enrollment Agreement submitted by the Defendant in support of its motion to dismiss, see Docket Entry Nos. 26-1 and 26-2, are properly before the Court as either supporting materials for a factual attack on subject matter jurisdiction brought under Rule 12(b)(1), see Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990), or as matters submitted that are outside the pleadings but which the Court has not excluded and which convert the Defendant's motion to a motion for summary judgment in accordance with Rule 12(d).  See Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 392 (6th Cir. 1975); Pruiett v. West End Rests., LLC, 2011 WL 5520969, *2 (M.D. Tenn. Nov. 14, 2011) (Trauger, J.).[1]

### III. ANALYSIS

The question of whether the Plaintiff's claim must be arbitrated is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq. (2011).  The FAA provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract," 9 U.S.C. § 2, and that any suit brought upon an issue referable to arbitration under such an agreement shall be stayed until arbitration has occurred.  9 U.S.C. § 3.  See Pruiett, supra.  Accordingly, there is a strong presumption in favor of arbitration

---

[1] This Report and Recommendation and the fourteen day period within which objections may be filed provides the Plaintiff with notice of conversion of the Defendant's motion to one for summary judgment under Rule 12(d) and provides him with the opportunity to make any additional submissions of evidence on the issue of arbitration raised by the Defendant.

5

under the FAA. Morrison v. Circuit City Stores, Inc., 317 F.3d 646, 652–53 (6th Cir. 2003) (en banc); Nguyen v. City of Cleveland, 312 F.3d 243, 244 (6th Cir. 2002).

The fact that the Plaintiff's claim is grounded in a federal statutory right does not necessarily foreclose the arbitrability of the claim. See Mitsubishi Motors Corp. v. Soler Chrysler Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); Morrison, 317 F.3d at 653. The Supreme Court has reasoned that, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." Mitsubishi Motors Corp., 473 U.S. at 628; Walker v. Ryan's Family Steak Houses, Inc., 289 F. Supp. 2d 916, 923 (M.D. Tenn. 2003), aff'd, 400 F.3d 370 (6th Cir. 2005). In deciding whether to compel arbitration of a statutory claim, the Court initially considers whether the statutory claim at issue is generally subject to compulsory arbitration. Floss v. Ryan's Family Steak Houses, Inc., 211 F.3d 306, 312 (6th Cir. 2000). If the statutory claim is not exempt from arbitration, the Court next considers whether the parties have executed a valid arbitration agreement and, if so, whether the statutory claim at issue falls within the scope of the parties' agreement. Id. at 311-12. See also Mitsubishi Motors Corp., 473 U.S. at 628.

The Sixth Circuit Court of Appeals has not addressed whether Rehabilitation Act claims may be subject to arbitration agreements. However, the United States Supreme Court and the Sixth Circuit have determined that claims brought under other anti-discrimination statutes are subject to arbitration, see Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 23, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991) (Age Discrimination in Employment Act); Mazera v. Varsity Ford Mgmt. Servs., LLC, 565 F.3d 997, 999 (6th Cir. 2009) (federal "disability claims" subject to arbitration agreement); Landis v. Pinnacle Eye Care, LLC, 537 F.3d 559, 561 (6th Cir. 2008) (Uniformed Services Employment and Reemployment Rights Act of 1994); Willis v. Dean Witter Reynolds, Inc., 948 F.2d 305, 310 (6th Cir.

1991) (Title VII), and at least one other circuit has found that Rehabilitation Act claims may be arbitrated. See Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 151 (1st Cir. 1998). Further, the Rehabilitation Act itself contains no language preventing claims under the Act from being arbitrated. The burden is on the Plaintiff to show that Congress intended to preclude Rehabilitation Act claims from being arbitrated. See Gilmer, 500 U.S. at 26. The Plaintiff has not met this burden. Accordingly, the Court finds that the Plaintiff's claim under the Rehabilitation Act is generally subject to arbitration.[2]

To avoid compelled arbitration of a statutory claim that is determined to be amenable to arbitration, a party must show that there is a genuine issue of material fact as to the validity or applicability of the agreement to arbitrate. Great Earth Companies, 288 F.3d at 889; Lewis v. Labor Ready Mid-Atl., Inc., 2009 WL 497692, *2 (M.D. Tenn. Feb. 26, 2009) (Campbell, J.). In the instant action, there is no dispute that the Enrollment Agreement entered into by the parties contains an arbitration provision. See Docket Entry No. 26-2. The Plaintiff has not contested the validity of the Enrollment Agreement. There is also no dispute that the scope of the arbitration provision contained in the Enrollment Agreement is broad and covers all disputes related to the Plaintiff's enrollment at AIU. Id. at 6-7. The Plaintiff has likewise not contested the validity of the arbitration provision. The Plaintiff's failure to raise an issue concerning that validity of the agreement he entered into with the Defendant weighs in favor of the Defendant's contention that the arbitration provision mandates the arbitration of his Rehabilitation Act claim. See Stout v. J.D. Byrider, 228 F.3d 709, 714 (6th Cir.

---

[2] Although the Plaintiff contends in his response to the Defendant's motion that the Defendant has violated the Americans with Disabilities Act ("ADA"), as well as the Rehabilitation Act, he did not allege a claim under the ADA in his Complaint, and he cannot amend his complaint to add new claims in a response to a motion to dismiss. See Orea Energy Group, LLC v. East Tenn. Consultants, Inc., 2009 WL 3246853, at *3 (E.D. Tenn. Oct. 6, 2009) ("it is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

2000); Telos Holdings, Inc. v. Cascade, GmbH, 2009 WL 3415157, *3 (M.D. Tenn. Oct. 19, 2009) (Trauger, J.) ("If the existence of a valid and applicable arbitration agreement is not "in issue," that is, the existence of a valid and applicable arbitration clause is clear and not subject to reasonable dispute, the court must allow for arbitration of the matter.").

The Plaintiff's arguments against mandatory arbitration lack merit. An arbitration agreement is not rendered invalid and unenforceable simply because it forecloses a party's ability to seek a jury trial or a court proceeding for his claims. See Cooper v. MRM Inv. Co., 367 F.3d 493, 506 (6th Cir. 2004). The loss of a right to a jury trial is "a necessary and fairly obvious consequence of an agreement to arbitrate." Id. (quoting Burden v. Check Into Cash of Kentucky, LLC, 267 F.3d 483, 492 (6th Cir. 2001)). The Plaintiff's mere contention that an arbitration agreement is not enforceable because it forecloses the right to a jury trial is not sufficient to show that he did not knowingly and voluntarily give up his right to pursue a Rehabilitation Act claim in federal court when he entered into the Enrollment Agreement. See Morrison, 317 F.3d at 668; Lewis, 2009 WL 497692 at *2. Similarly, the arbitration provision in the Enrollment Agreement is not unenforceable based upon the loss of generalized notions of due process as the Plaintiff asserts.

The Court is also not persuaded by the Plaintiff's contention that the specific arbitration forum required by the arbitration provision of the Enrollment Agreement will not allow for the effective vindication of his Rehabilitation Act claim. The Plaintiff's assertion that use of the American Arbitration Association ("AAA") will cause unfair bias against him and partiality toward the Defendant is entirely conclusory. See McMullen v. Meijer, Inc., 355 F.3d 485, 493-94 (6th Cir. 2004) (favorably noting that the AAA is an non-for-profit and unbiased third-party).

Accordingly, the Court finds that the Plaintiff is bound by the terms of the arbitration provision contained in the Enrollment Agreement and that the Rehabilitation Act claim he attempts

8

to pursue in this lawsuit is foreclosed by the arbitration provision. Any further pursuit of this claim by the Plaintiff must be through arbitration in compliance with the arbitration provision contained in the Enrollment Agreement. Because the sole claim raised by the Plaintiff is subject to arbitration and because there do not appear to be circumstances requiring a stay of the action pending resolution of arbitration proceedings, dismissal of the action without prejudice is appropriate. See Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) (dismissal of action in lieu of stay is proper); Wilson v. Wells Fargo Fin. Acceptance, Inc., 2003 WL 1877336 (M.D. Tenn. Apr. 9, 2003) (Campbell, J.) (dismissal without prejudice in lieu of a stay).

Because the Defendant's contention that arbitration is required has merit, the Plaintiff's request that summary judgment be granted in his favor should be denied.[3]

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the Defendant's motion to dismiss (Docket Entry No. 25) be GRANTED;

2) the Plaintiff's motion for summary judgment (Docket Entry No. 13) be DENIED; and

3) this action be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver

---

[3] The Court notes that the Plaintiff's motion for summary judgment would be subject to dismissal even if the Defendant's motion did not have merit. The Plaintiff's motion fails to comply with Rules 7.01(a) and 56.01(b) of the Local Rules of Court and does not contain any substantive legal argument showing his entitlement to summary judgment as a matter of law under the Rehabilitation Act.

of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

       Respectfully submitted,

       _____
       JULIET GRIFFIN
       United States Magistrate Judge